UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MEGAN PRYKE<br>30700 Drouillard Road Lot 235<br>Walbridge, Ohio 43465<br><br>on behalf of herself and those similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>FIRST SOLAR, INC.<br>c/o Statutory Agent CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219<br><br>Defendant. | CASE NO.<br><br>JUDGE<br><br><br><br>**PLAINTIFF'S COMPLAINT**<br><br>(Jury Demand Endorsed Herein) |

Now comes Plaintiff Megan Pryke, ("Plaintiff") by and through counsel, and for her Complaint against Defendant First Solar, Inc. ("Defendant"), states and alleges the following:

## INTRODUCTION

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of failing to include bonuses and shift premiums earned by Plaintiff and other similarly situated employees in their regular rate of pay for purposes of calculating their overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. § 4111.03.

## JURISDICTION AND VENUE

2. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over Plaintiff's OMFWSA claims pursuant to 28 U.S.C. 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant maintains a physical location at 28101 Cedar Park Blvd. Perrysburg, Ohio 43551

5. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business throughout this District and Division and a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

6. At all times relevant herein, Plaintiff was a resident of Wood County, Ohio.

7. At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e) and R.C. § 4111.03(D)(3).

8. At all times relevant herein, Defendant was a foreign corporation, organized and existing under the laws of the State of Delaware, licensed to conduct business in the State of Ohio.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d) and R.C. § 4111.03(D)(2).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 206-207.

13. Written consents to join this action as to Count One, as and when executed by other

individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant is a manufacturer of solar panels.

15. Defendant employed Plaintiff as a manufacturing operator between July 2018 and December 2019.

16. Defendant employed other similarly situated employees as manufacturing employees.

17. Defendant classified Plaintiff and other similarly situated employees as non-exempt employees.

18. Defendant paid Plaintiff and other similarly situated employees an hourly wage.

19. Defendant also paid Plaintiff and other similarly situated employees bonuses and shift premiums.

20. Plaintiff and other similarly situated employees frequently worked over 40 hours per week.

21. Plaintiff worked on average between 42 and 45 hours per week.

**(Failure to Include Bonuses and Shift Premiums In Overtime Calculations)**

22. Defendant announced to Plaintiff and other similarly-situated employees that it would pay bonuses and shift premiums in advance of paying the bonuses and shift differentials.

23. The bonuses and shift premiums were announced as an incentive for hard work by Plaintiff and other similarly-situated employees.

24. Defendant failed to include the bonuses and shift premiums paid to Plaintiff and other similarly situated employees in their regular rate of pay for purposes of calculating their overtime compensation.

25. As a result of Defendant's failure to include the bonuses and shift premiums in the calculation of overtime compensation, Plaintiff and other similarly situated employees were denied significant amounts of overtime compensation.

**(Defendant Willfully Violated the FLSA)**

26. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings Count One of this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

28. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff herself is a member, is composed of and defined as follows:

> All current and former manufacturing employees employed by First Solar, Inc. at any time between March 26, 2018 and the present.

29. Plaintiff is unable to state at this time the exact size of the potential class, by upon information and belief, avers that is consists of at least several hundred persons.

30. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as her own in bringing this action.

31. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATION

32. Plaintiff brings Count Two of this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other members of the class ("the Ohio Class") defined as:

> All current and former manufacturing employees employed by First Solar, Inc. at any time between March 26, 2018 and the present.

33. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state at this time the exact size of the potential Ohio Class, but upon information and belief, avers that it consists of at least several hundred persons.

34. There are questions of law or fact common to the Ohio Class, including but not limited to the following:

> (a) whether Defendant failed to include the shift differential in the calculation of overtime compensation for its employees for hours worked in excess of 40 each workweek; and
>
> (b) what amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of R.C. §§ 4111.03 and 4111.10.

35. The claims of the named Plaintiff are typical of the claims of other members of the Ohio Class. Named Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of the other Ohio Class members.

36. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

37. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Fair Labor Standards Act Violations)

38. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the FLSA, 29 U.S.C. § 207.

40. Defendant's practice and policy of failing to include bonuses earned by Plaintiff and other similarly-situated employees in the calculation of their overtime compensation violated the FLSA, 29 C.F.R. §§ 778.208-209.

41. Defendant's practice and policy of failing to include shift differentials earned by Plaintiff and other similarly-situated employees in the calculation of their overtime compensation violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. 548.502.

42. By engaging in the above-described practices and policies, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

43. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

**COUNT TWO**
**(Violations of Ohio Revised Code 4111.03)**

44. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

45. Defendant's practice and policy of not paying Plaintiff and other similarly-situated employees overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked over 40 each workweek violated the OMFWSA, R.C. § 4111.03.

46. Defendant's practice and policy of failing to include bonuses earned by Plaintiff and other similarly-situated employees in the calculation of their overtime compensation violated the OMFWSA, R.C. § 4111.03.

47. Defendant's practice and policy of failing to include shift differentials earned by Plaintiff and other similarly-situated employees in the calculation of their overtime compensation violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. 548.502.

48. By failing to pay Plaintiff and other similarly-situated employees' overtime compensation, Defendant willfully, knowingly and/or recklessly violated the provisions of the OMFWSA, R.C. § 4111.03.

49. As a result of Defendant's practices and policies, Plaintiff and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the OMFWSA.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action, and certifying the class pursuant to Fed. R. Civ. R. 23(a) and (b)(3);

B. Order prompt notice, pursuant to 29 U.S.C. 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the classes she represents actual damages for unpaid wages;

D. Award Plaintiff and the classes she represents liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the classes;

E. Award Plaintiff and the classes she represents pre- and post-judgment interest at the statutory rate;

F. Award Plaintiff and the classes she represents attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the classes she represents further and additional relief as this Court deems just and proper.

Respectfully submitted,

/s/ Lori M. Griffin
Lori M. Griffin (0085241)
Chastity L. Christy (0076977)
Anthony J. Lazzaro (0077962)
The Lazzaro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: 216-696-5000
Facsimile: 216-696-7005

           lori@lazzarolawfirm.com
           chastity@lazzarolawfirm.com
           anthony@lazzarolawfirm.com
           Attorneys for Plaintiff

## **JURY DEMAND**

Plaintiff demands a trial by jury on all eligible claims and issues.

           /s/ Lori M. Griffin
           One of the Attorneys for Plaintiff