# JOINT STIPULATION
# OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Northern District of Ohio, Western Division (the "District Court"), Plaintiff Megan Whitt (formerly Pryke), individually and on behalf of all Plaintiffs, and Defendant First Solar, Inc. ("First Solar") agree to the terms of this Joint Stipulation of Settlement and Release.

## DEFINITIONS

1.      "Action" shall mean the civil action in the United States District Court for the Northern District of Ohio, Western Division entitled *Megan Pryke v. First Solar, Inc.,* Case No. 3:21-cv-681.

2.      "Plaintiffs' Counsel" shall mean Anthony J. Lazzaro, Chastity L. Christy, and Lori M. Griffin of The Lazzaro Law Firm, LLC.

3.      "Representative Plaintiff" shall mean Megan Whitt.

4.      "Plaintiffs" shall include Representative Plaintiff and the 162 Opt-In Party Plaintiffs listed in Appendix 1.

5.      "First Solar" shall mean First Solar, Inc. and all of its former, current and respective officers, directors, agents, attorneys, parents, predecessors, successors, subsidiaries, related and affiliated entities, assignees, and heirs.

6.      "Parties" shall mean Plaintiffs and First Solar, and "Party" shall mean any one of the Parties.

7.      "Calculation Period" shall mean the period of time between October 29, 2018 and November 12, 2021.

8.      "Released Period" for Representative Plaintiff shall mean the period of three years prior to the date the action was filed through and including the date on which the Court gives approval of the settlement, and for the Opt-In Party Plaintiffs shall mean the period of three years prior to the date each Plaintiff opted into the action through and including the date on which the Court gives approval of the settlement.

9.      "Final" shall mean the date the District Court has approved the Settlement.

10.     "Settlement" shall mean this Joint Stipulation of Settlement and Release.

## RECITALS

11.     On March 26, 2021, Plaintiff commenced this Action on behalf of herself and all others similarly situated to her with respect to the claims she asserted.

12.     In the Action, Plaintiff alleged that First Solar violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to include all renumeration earned by Plaintiff and other similarly situated employees in their regular rates of pay for purposes of calculating their overtime compensation.

13.     Plaintiffs believe that the Action is meritorious based on alleged violations of the FLSA, and that the Action is appropriate for collective treatment.  First Solar has denied and continues to deny that it violated any federal, state, or local laws, breached any duty, failed to pay any employees as required by the FLSA or the OMFWSA, or engaged in any other unlawful conduct with respect to any of its employees, including, but not limited to, the allegations that Plaintiffs raised, or could have raised, in the Action. The Parties agree that *bona fide* disputes exist between the Parties, including whether Plaintiffs were entitled to their claimed overtime compensation under the FLSA, whether the two-year or three-year statute of limitations applies, whether First Solar acted willfully, and whether First Solar is entitled to an offset.

14.     The Parties reached the proposed Settlement in this matter after extensive good faith bargaining, which occurred during the period between April 6, 2022 and April 27, 2022. On April 27, 2022, with the assistance of Magistrate Judge Darrell A. Clay, the Parties reached a binding agreement to settle the Action on the terms set forth in this Settlement.

15.     Plaintiffs' Counsel represent that they have conducted a thorough investigation into the facts of this Action and have diligently pursued an investigation of Plaintiffs' claims against First Solar, including reviewing relevant documents, and researching the applicable law and the potential defenses.  Based on their own independent investigation and evaluation, Plaintiffs' Counsel are of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances, including the risk of significant delay, and First Solar's defenses.  *See* Exhibit 2 to the Parties' Joint Motion for Settlement Approval.

16.     This Settlement represents a compromise of disputed claims.  Nothing in this Settlement is intended or will be construed as an admission by First Solar that Plaintiffs' claims in the Action have merit or that First Solar has any liability to Plaintiffs on those claims.

17.     This Settlement is contingent upon and requires court approval of all settlement terms. The Parties agree to take all steps reasonably necessary to effectuate court approval of this Settlement, and to execute such documents and to take such other actions as may be reasonably necessary to further the purposes of this Settlement.

## SETTLEMENT PAYMENTS

18.     **Total Settlement Amount:** First Solar will pay in connection with the Settlement a Total Settlement Amount of One Hundred Twenty-Five Thousand Dollars (**$125,000.00**) (the "Total Settlement Amount"), which sum will cover: (a) all of the Individual Payments to Plaintiffs; (b) Representative Plaintiff's Representative Payment; and (c) Plaintiffs' Counsel's attorneys' fees and expenses.

19.    **Individual Payments to Plaintiffs:** Fifty-One Thousand Nine Hundred Ninety-Eight Dollars and Forty-Four Cents **($51,998.44)** will be allocated to Plaintiffs for payment of overtime compensation and Sixteen Thousand Six Hundred Seventy-Nine Dollars and Fifty-Six Cents **($16,679.56)** will be allocated to Plaintiffs for payment of liquidated damages in the amounts provided in Appendix 1 (collectively the "Individual Payments").

20.    **Calculation of Individual Payments:** The Individual Payments, after deduction of Plaintiffs' Counsel's attorneys' fees and expenses and the Class Representative Payment from the Total Settlement Amount, have been calculated by Plaintiffs' Counsel and are based proportionally on each Plaintiffs' alleged overtime damages during the Released Period.

21.    **Treatment of Plaintiffs' Settlement Payments:** All settlement payments to Plaintiffs for overtime compensation will be treated as payments in settlement of wage claims and shall be subject to the withholding of all applicable federal, state and local taxes. First Solar will determine the proper tax withholding amounts in accordance with Plaintiffs' previously elected wage withholding instructions.  First Solar will report the settlement payments on IRS Forms W-2. First Solar is responsible for payment of the employer's share of payroll taxes required by law.  All settlement payments to Plaintiffs for liquidated damages will be treated as liquidated damages, with no tax withholdings.  First Solar will issue to each Plaintiff a Form 1099- Misc., in Box 3, with respect their respective liquidated damages payments. Plaintiffs will be responsible for all taxes owed with respect to the payment of liquidated damages. The Parties make no representations regarding the Settlement tax consequences. Each Party agrees that it will not assert a claim against the other Party for the payment or reimbursement of any tax consequences resulting from any payment made pursuant to this Settlement.

22.    **Class Representative Payment:**  Seven Hundred Fifty Dollars **($750.00)** will be paid to Representative Plaintiff Megan Whitt (the "Representative Payment"), in addition to her Individual Payment, as payment for her service in this litigation. First Solar will issue to Representative Plaintiff a Form 1099-Misc., in Box 3, with respect to her Class Representative Payment.  Representative Plaintiff will be responsible for all taxes owed with respect to her Representative Payment.

23.    **Plaintiffs' Counsel's Attorneys' Fees and Expenses:** Fifty-Five Thousand Five Hundred Seventy-Two Dollars will be paid to Plaintiffs' Counsel for attorneys' fees and expenses **($50,000.00** in fees and **$5,572.00** in expenses) incurred in the Action.  First Solar will issue to The Lazzaro Law Firm, LLC a Form 1099-Misc. with respect to the attorneys' fees and expenses for this amount.

24.    **Adequate Consideration:** Plaintiffs agree that the payments referenced in this Settlement constitute adequate consideration for the release of claims by Plaintiffs, and that the payments are in full and complete satisfaction of any and all claims by them against First Solar. The payments referenced in this section are expressly conditioned upon and subject to Plaintiffs' compliance in good faith at all times with all terms of this Settlement.

## RELEASE OF CLAIMS AND CONFIDENTIALITY

25. **Released Claims by all Plaintiffs:** Plaintiffs will release First Solar from all federal and state wage-and-hour claims, rights, demands, liabilities and causes of action, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses pursuant to the Fair Labor Standards Act ("FLSA") and corresponding state wage and hour statutes as alleged in the Complaint for the Released Period.

26. **Released Claims by Representative Plaintiff Megan Whitt and First Solar:** Representative Plaintiff Megan Whitt and First Solar First Solar, Inc. release and forever discharge each other from any and all claims, charges, complaints, actions, causes of action, suits, grievances, controversies, disputes, demands, agreements, contracts, covenants, promises, liabilities, judgments, obligations, debts, damages (including, but not limited to, actual, compensatory, punitive, and liquidated damages), attorneys' fees, costs, and any other liabilities of any kind, nature, description, or character whatsoever that they may have against each other arising out any fact, condition, circumstance, or occurrence whatsoever, up to and including the effective date of this Agreement, whether known or unknown, suspected or concealed, presently asserted or otherwise.  The Parties specifically agree that this release is intended to be as broad in scope as possible under all applicable laws, and that it specifically includes the release of all claims arising out of or related in any way to Plaintiff's employment with First Solar. This release does not include any claims that cannot be released under controlling law and does not affect any action to enforce this Agreement.

27. **Covenant Not to Sue by Representative Plaintiff Megan Whitt.** Plaintiff Megan Whitt  hereby represents that other than the Action, she has not filed any local, state or federal lawsuits against First Solar and will not file any local, state or federal lawsuits against First Solar for any claims existing as of the date on which she executes this Agreement. Except for this Action, Plaintiff Megan Whitt  represents that she has not filed any formal or informal complaints, charges, and/or claims arising out of or related to her employment with First Solar, or the termination thereof. Plaintiff does not waive her right to file an administrative charge with the Equal Employment Opportunity Commission or any other employment and government agencies, but Plaintiff agrees that she will never accept or receive any compensation for any such administrative claim(s) beyond the compensation that she receives pursuant to this Agreement. The parties acknowledge and agree that the covenants in this paragraph are essential and material parts of this Agreement and that without their inclusion, this Agreement would not have been reached by the parties. This paragraph does not preclude any party from filing a future action against any other party for breach of this Agreement. Plaintiff represent that, to the best of her knowledge and belief, she is not presently a putative or actual member of any class, collective or other action against any of the Releasees other than the instant Litigation. Further, in the event that Plaintiff receives notice in the future that she may have been identified as a putative or actual member of any class, collective or other action against any of the Releasees, she agrees to promptly take all steps necessary to effectuate her dismissal with prejudice, and Plaintiff shall not accept compensation of any kind from First Solar in any such action.

28. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses that will be paid

to Plaintiffs' counsel, unless there is a breach of this Agreement or a need to file a motion or other documents to enforce the Settlement.  In consideration for these attorneys' fees and expenses, Plaintiffs' Counsel waives any and all claims to any further attorneys' fees and expenses in connection with the Action, unless there is a breach of this Agreement.

29.     The entry of final judgment in the Action shall release all claims set forth in this entire Section of the Settlement.

## APPROVAL AND DISMISSAL OF THE ACTION

30.     **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Settlement, to effectuate its terms, and to dismiss the Action with prejudice.

31.     **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent to the District Court.

32.     **Joint Motion for Approval of Settlement:** The Parties will jointly move the District Court for entry of an order, proposed and attached as Exhibit 3 to the Parties' Joint Motion for Approval of Settlement, granting final approval of the Settlement, approving the amounts payable to Plaintiffs and Plaintiffs' Counsel, and entering judgment dismissing the Action with prejudice.

33.     **Dismissal with Prejudice of the Action:** Upon entry of the District Court's final approval order, the Action shall be dismissed with prejudice, and final judgment shall be entered.

## SETTLEMENT ADMINISTRATION

34.     **Distribution Process:** Within fourteen (14) days after the Court's entry of an Order granting approval of the Settlement and dismissal of the Action with prejudice, First Solar will mail the Individual Payments to Plaintiffs, the Representative Payment to Representative Plaintiff, and the attorneys' fees and expenses to Plaintiffs' Counsel. First Solar will issue separate checks to each Plaintiff and Plaintiffs' Counsel. Plaintiffs' Counsel will provide to First Solar the most recent addresses of Plaintiffs for purposes of mailing the checks.  If any checks are returned as undeliverable, First Solar will mail the checks to Plaintiff's counsel who will make reasonable efforts to locate the Plaintiffs and redeliver the checks.  Any checks that become lost or void during the six (6) month period after the initial distribution will be reissued to any Plaintiff upon request and without charge to the Plaintiff.

## PARTIES' AUTHORITY

35.     The respective signatories to the Settlement represent that they are fully authorized to enter into this Settlement and bind the respective Parties to its terms and conditions.

## MUTUAL FULL COOPERATION

36.     The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the District Court, or otherwise, to effectuate the terms of this Settlement.

## NO PRIOR ASSIGNMENTS

37.     The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Settlement.

## NO ADMISSION

38.     Nothing contained in the Settlement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Plaintiff or First Solar, and Plaintiff and First Solar deny any such liability. Plaintiffs expressly understand and agree that First Solar expressly denies that it violated the FLSA. Moreover, this Agreement does not constitute an admission by First Solar or by any Releasee of any violation of any federal, state or local statute. Neither this Agreement nor anything in this Agreement shall be construed to be admissible, or shall be admissible, in any proceeding as evidence of wrongdoing by First Solar or any Releasee.

## NO ADMISSION OF CLASS LIABILITY

39.     The Parties agree that this Agreement does not constitute, shall not be construed to be, and shall not be cited in or be admissible in any proceeding as evidence of a determination or admission that any group of similarly-situated employees or temporary associates exists to maintain a collective action under the FLSA or a class action under Rule 23 of the Federal Rules of Civil Procedure.

## CONSTRUCTION

40.     The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Settlement.

## SEVERABILITY

41.     If any part of this Agreement is found to be illegal, invalid, inoperative or unenforceable in law or equity, such finding shall not affect the validity of any other provisions

of this Agreement, which shall be construed, reformed and enforced to effect the purposes thereof to the fullest extent permitted by law. If one or more of the provisions contained in the Agreement shall for any reason be held by a court of competent jurisdiction to be excessively broad in scope, subject matter or otherwise, so as to be unenforceable at law, the Parties agree that such provisions(s) shall be construed to be limited or reduced so as to be enforceable to maximum extent permitted under the applicable law.

## MODIFICATION

42.     This Settlement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the District Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

## INTEGRATION CLAUSE

43.     This Settlement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action.

## BINDING ON ASSIGNS

44.     This Settlement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

45.     This Settlement may be executed in counterparts and may be signed electronically via PDF.  When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement, which shall be binding upon and effective as to all Parties. Electronic and facsimile transmissions of this Settlement shall be deemed originals.

## BREACH

46.     If either Party breaches any of the terms and conditions of this Settlement, the non-breaching Party shall be entitled to reasonable attorneys' fees and expenses incurred to enforce the terms and conditions contained herein.

## JURISDICTION

47.     The Parties will request that the District Court, Magistrate Judge Darrell Clay, retain jurisdiction to enforce the terms of the Settlement.

## GOVERNING LAW

48.     This Agreement shall be interpreted in accordance with Ohio law.


## CONFIDENTIAL / PROPRIETARY INFORMATION AND NON-DISCLOSURE.

49.     Plaintiffs agree that this Settlement, as well as the nature and terms of this settlement and the subject matter thereof, will be forever treated as confidential and that Plaintiffs shall make no disclosure or reference to the terms of this Agreement to any person or entity, except to Plaintiffs' attorneys, members of Plaintiffs' immediate families and, as necessary, tax preparers, provided that each such person agrees to be bound by the confidential nature of this Agreement. Plaintiffs and Plaintiffs' counsel may also make such disclosures pursuant to court or administrative order, subpoena, or as otherwise may be required by law. Plaintiffs acknowledge and agree that Plaintiffs' promise to maintain the confidentiality of the Agreement is an important element of the consideration for and inducement of First Solar to enter into this Agreement. Plaintiffs further agree that Plaintiffs' breach of this Agreement's confidentiality clause constitutes irreparable harm to the Employer. In the event of an actual or threatened confidentiality breach, Plaintiffs consent to a temporary restraining order, preliminary injunction, and/or permanent injunction prohibiting commission or continuation of any actual or threatened breach. Nothing in this Agreement shall preclude Plaintiffs from stating, in response to any inquiry, that this dispute has been resolved by mutual agreement and to the mutual satisfaction of the Parties, but it is expressly agreed that Plaintiffs shall make no further comment.

## REPRESENTATIVE PLAINTIFF AND PLAINTIFFS' COUNSEL SIGNATORIES

50.     Representative Plaintiff executes this Settlement on behalf of herself and in her representative capacity on behalf of the other Plaintiffs.  It is agreed that it is burdensome to have all of the Plaintiffs execute this Agreement.  Furthermore, the Notice previously advised the Plaintiffs that if they chose to join this Action: (a) they would be bound by the judgment, whether it was favorable or unfavorable; (b) they also would be bound by, and would share in, any settlement that may be reached on behalf of the class; and (c) by joining this Action, each designated the named Plaintiff as his or her agent to make decisions on his or her behalf concerning the Action, including the entering into a settlement agreement with First Solar.  This Agreement shall have the same force and effect as if each Plaintiff executed this Agreement.


## EXECUTION BY PARTIES AND THEIR COUNSEL

Dated: _____          MEGAN WHITT


                                    _____
                                    Representative Plaintiff, Individually
                                    and on Behalf of all Plaintiffs

Dated: _____        FIRST SOLAR, INC.

                                                 By: _____

                                                 Its: _____

Dated: _____        CHASTITY L. CHRISTY
                                                 THE LAZZARO LAW FIRM, LLC

                                                 By: _____
                                                 Attorney for Plaintiffs

Dated: _____        CARRIE L. URRUTIA
                                                 EASTMAN & SMITH LTD.

                                                 By: _____
                                                 Attorney for First Solar, Inc.