UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MEGAN PRYKE, on behalf of herself and all others similarly situated, | ) CASE NO. 3:21-cv-00681-DAC )  ) |
| Plaintiff, | ) MAGISTRATE JUDGE DARRELL A. CLAY ) |
| vs. | ) ) |
| FIRST SOLAR, INC., | ) **ORDER OF DISMISSAL AND** ) **APPROVING SETTLEMENT** ) |
| Defendant. | ) |

THIS CAUSE having come before the Court on the Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice [ECF #40], including the Joint Stipulation of Settlement and Release ("Settlement") and the Declaration of Chastity L. Christy, and due cause appearing therefore, it is hereby ORDERED AND ADJUDGED as follows:

1. On March 26, 2021, Representative Plaintiff Megan Whitt (formerly Pryke) ("Representative Plaintiff") filed this Action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, and alleged that Defendant First Solar, Inc. unlawfully failed to include all renumeration earned by Representative Plaintiff and other similarly situated employees in their regular rates of pay for purposes of calculating their overtime compensation, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as a "class action" pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), R.C. 4111.03. (Doc. No. 1.)

2. First Solar answered the Complaint and denied any wrongdoing of any kind or violations of any laws. (Doc. 7.)

3. On August 2, 2021, Representative Plaintiff filed her Motion for Conditional Certification, Expedited Opt-In Discovery, and Court-Supervised Notice to Potential Opt-In Plaintiffs. (Doc. 9.) Defendant filed its Opposition Brief on September 10, 2021 (Doc. 14) and Representative Plaintiff filed her Reply Brief on September 24, 2021 (Doc. 15). On October 29, 2021, the Court granted Representative Plaintiff's Motion. (Doc. 17.) The Court conditionally certified the following class:

> All current and former non-exempt hourly manufacturing employees employed by First Solar, Inc. who were paid any type of bonus and/or shift premium at any time between October 29, 2018 and November 16, 2021.

4. The Notice to Potential Class Members was issued December 13, 2021, and the Opt-In Period closed on January 27, 2022.

5. The Parties stipulate to this Court that they engaged in substantial investigation and informal discovery prior to negotiating the Settlement, and relevant information was exchanged, including discovery relating to Plaintiffs' claims and First Solar's defenses. This included a complete analysis and calculations of Plaintiffs' and Opt-In Party Plaintiffs' alleged overtime damages.

6. The Parties advise this Court that they engaged in extensive legal discussion, which included numerous and lengthy discussions and written communications between counsel for the Parties, between June 2021 and April 2022.

7. Between November 2021 and April 2022, the Parties engaged in an informal yet comprehensive exchange of information regarding Plaintiffs' claims and First Solar's defenses to such claims. This included the production of time and pay data of Representative Plaintiff and Opt-In Party Plaintiffs and the calculations of Representative Plaintiff's and the Opt-In Party Plaintiffs' alleged overtime damages.

8. Between April 6, 2022 and April 27, 2022, the Parties engaged in extensive settlement negotiations. On April 27, 2022, the Parties attended a mediation with this Court, and the Parties reached an agreement to settle the Action on the terms set forth in the Settlement Agreement attached as Exhibit 1 to the Parties Joint Motion for Approval of Settlement and Stipulation of Dismissal with Prejudice. The Parties reached the proposed settlement in this matter after extensive research, legal debates, discussions, and correspondence, and after good faith bargaining.

9. The Parties agree that *bona fide* disputes exist between the Parties, including whether Plaintiffs were properly compensated under the FLSA and/or OMFWSA and whether they are entitled to their claimed overtime compensation under the FLSA and/or OMFWSA.

10. Furthermore, there are *bona fide* disputes over whether the two-year or three-year statute of limitations applies, whether Plaintiffs would be entitled to liquidated damages as First Solar claims it did not act willfully and has a good faith defense, and whether First Solar would be entitled to an offset.

11. In an effort to reach a compromise and to avoid the expense and burden of litigation, the Parties reached an agreement to settle the Action on April 27, 2022 on the terms set forth in the Joint Stipulation of Settlement and Release attached as Exhibit 1 to the Parties' Joint Motion.

12. The Court hereby accepts and approves the proposed settlement and holds that the proposed settlement submitted by the Parties is a fair, reasonable, and adequate settlement of a *bona fide* dispute over the provisions of the Fair Labor Standards Act.

13. The Court orders that the settlement payments be distributed in the manner, and subject to the terms and conditions, set forth in the Settlement.

14. The above case is hereby DISMISSED WITH PREJUDICE; each party to bear their own attorneys' fees and costs except as otherwise provide by the Settlement. All pending deadlines are stricken as moot. The Court shall retain jurisdiction to enforce the Parties' Settlement.

ORDERED this __10th__ day of __June_____, 2022.

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE